Martin F. Casey
Gregory G. Barnett
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
Tel: 212-286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ALLIANZ NEDERLAND CORPORATE a/s/o
ATLANTIC SHRIMPERS LIMITED and a/s/o
PRIMESTAR BV                                              20 cv

       Plaintiff,

  against                                              **COMPLAINT**

MSC MEDITERRANEAN SHIPPING
COMPANY S.A.

       Defendant.
-------------------------------------------------------------X

    Plaintiff, ALLIANZ NEDERLAND CORPORATE a/s/o ATLANTIC SHRIMPERS LIMITED and a/s/o PRIMESTAR BV, by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

## JURISDICTION

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the provisions contained in the MSC bill of lading, which provides for jurisdiction in this District for cargo shipments that transit through the United States.

**PARTIES**

2.     At all material times, Allianz Nederland Corporate (hereinafter "Allianz" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign country with an office and place of business located at Coolsingel 139, Rotterdam 3012AG, Netherlands, and is the subrogated underwriter of a containerload of Frozen Shrimp, as more specifically described below.

3.     At all material times, Atlantic Shrimpers Limited, (hereinafter "ASL" or "Plaintiff") was and is a corporation with an office and place of business located at Kirikiri Lighter Terminal, Lagos, Nigeria and was the owner/shipper and "merchant" of a containerload of Frozen Shrimp, as more specifically described below.

4.     At all material times, Primestar BV., (hereinafter "Primestar" or "Plaintiff") was and is a corporation with an office and place of business located at Tromplaan 5, Hendrik-Ido-Ambacht, 3342TR, Netherlands and was the owner/shipper and "merchant" of a containerload of Frozen Shrimp, as more specifically described below.

5.     The MSC Bill of Lading terms and conditions defines "Merchant" to "include the Shipper, Consignee, holder of this Bill of Lading, the receiver of the Goods and any Person owning, entitled to or claiming the possession of the Goods or of this Bill of Lading or anyone acting on behalf of this Person."

6.     At all material times, defendant, MSC MEDITERRANEAN SHIPPING COMPANY S.A. (hereinafter "MSC" or "Defendant") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 420 Fifth Avenue, New York, New York 10016, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

7. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

8. In or about November 2017, a consignment consisting of 1632 Cartons Frozen Shrimp was booked with MSC for transit from Lagos, Nigeria to Vietnam by cargo shipper ASL.

9. In or about late November 2017, the Frozen Shrimp consignment, laden in refrigerated container TRIU 8785736 was delivered into the care, custody and control of MSC at the marine terminal in Lagos, Nigeria.

10. The transportation of the consignment of Frozen Shrimp laden in container TRIU 8785736 was arranged in consideration of an agreed upon freight and conditioned upon MSC maintaining a supply air temperature of Minus 20 Degrees Celsius, all pursuant to a certain MSC bill of lading number.

11. Thereafter, on or about December 1, 2017, container TRIU 8785736 was laden on board the M/V MSC CORUNA in Lagos, Nigeria for transit to Vietnam.

12. In the course of the transit to Vietnam, the route and destination of the cargo was amended, as the Vietnam buyer had cancelled the contract. MSC was instructed to re-route the cargo to Miami, Florida.

13. Pursuant to the amended carriage instructions MSC rescinded the earlier bill of lading and issued MSC bill of lading number MSCULG375391 dated February 1, 2018.

14. Subsequently, container TRIU 8785736 was discharged from the M/V MSC CORUNA.

15. On or about January 26, 2018 container TRIU 8785736 was transshipped on board the M/V MAERSK SHANGHAI in Singapore for transit to Miami, Florida.

16. On or about March 3, 2018, the M/V MARESK SHANGHAI chose to depart from its berth at Norfolk, Virginia bound for, *inter alia*, the port of Miami, Florida. The vessel chose to depart despite a severe Nor'easter that was raging in the area of Norfolk and extending out into the Atlantic Ocean. Shortly after departure from Chesapeake Bay, the vessel's on deck stow collapsed, resulting in at least 70 containers being damaged and/or falling overboard, including container TRIU 8785736 .

17. Plaintiff's consignment of Frozen Shrimp, laden in container TRIU 8785736 fell overboard and was lost.

18. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendant and/or its agents.

19. The invoice value of the 1632 cartons Frozen Shrimp at destination was $589,032.00.

20. As a result of the foregoing, Plaintiff suffered damages in the amount of $589,032.00.

21. At all times relevant hereto, a contract of insurance for property damage was in effect between Primestar, ASL and Allianz, which provided coverage for, among other things, loss or damage to the aforementioned consignment of Frozen Shrimp.

22. Pursuant to the aforementioned contract of insurance between Primestar, ASL and Allianz, monies have been expended on behalf of Primestar and/or ASL to the detriment of Allianz due to the damages sustained during transit.

23. As Allianz has sustained damages as a result of said expenditures, expenditures rightly the responsibility of defendant, Allianz has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the Defendant.

24. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $589,032.00.

## AS AND FOR A FIRST CAUSE OF ACTION

25. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 24, inclusive, as if herein set forth at length.

26. Pursuant to the contract of carriage entered into by and between the parties, the Defendant owed contractual and statutory duties to the aforementioned cargo owners to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

27. The Defendant breached its contractual and statutory duties by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

28. As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $589,032.00.

29. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $589,032.00.

**AS AND FOR A SECOND CAUSE OF ACTION**

30.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 24, inclusive, as if herein set forth at length.

31.     At the time of the aforementioned incident, Defendant together with the entities it hired to act on its behalf, was acting as bailee of the aforementioned cargo and in its own capacity, or through its contractors, agents, servants, or sub-bailees, had a duty to safely and properly keep, care for and deliver the shipment in the same good order and condition as when entrusted to it. Defendant also had a duty to ensure that the services provided for the shipment were performed with reasonable care and in a non-negligent and workmanlike manner.

32.     Defendant breached its duties and obligations as bailee by failing to properly carry, bail keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

33.     As a direct and proximate result of said breach of bailment by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $589,032.00.

34.     By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $589,032.00.

**AS AND FOR A THIRD CAUSE OF ACTION**

35.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 24, inclusive, as if herein set forth at length.

36.     The Defendant owed a duty to the Plaintiff to carry, bail, keep and care for, protect and deliver the aforementioned cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

37. The Defendant breached and was negligent in exercising its duty to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

38. As a direct and proximate result of the negligent acts committed by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $589,032.00.

39. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $589,032.00.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $589,032.00 plus interest and costs; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       July 30, 2020
       132-09

                               **CASEY & BARNETT, LLC**
                               Attorneys for Plaintiff

By: *Martin Casey*
                               Martin F. Casey
                               Gregory G. Barnett
                               305 Broadway, Ste 1202
                               New York, New York 10007
                               (212) 286-0225